**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re:

ELIAS and CONSUELO ESQUIVEL,    )  Chapter 7
                                )  No. 15-30325
                                )
        Debtors,                )

**OBJECTION TO TRUSTEE'S MOTION TO
ENFORCE AUTOMATIC STAY**

Now Comes Claimant/Objector Lily Investments, LLC ("Lily") by Law Offices of Joseph D. Ryan, P.C., its attorneys, and for its objection to the motion ("Motion") of Trustee Elizabeth C. Berg ("Trustee") to enforce the automatic stay says:

**ARGUMENT**

<u>PREFATORY STATEMENT</u>

Trustee fairly sets forth the "Bankruptcy Case Background" establishing the underlying facts in this case. Although Lily has a different view regarding whether a mortgage lien exists against the Debtor's real estate, the narrative provided by Trustee regarding the pre-bankruptcy tax sale and the pending Tax Deed Petition are accurate.

It is appropriate, however, based on the ultimate relief sought by the Trustee, to highlight certain relevant core facts pertaining to the status of the tax claim owned by Lily on the date (September 3, 2015, the date of the Order for Relief) of the filing of this <u>Chapter 7</u> case up to and after the expiration of any relevant redemption period provided by either state or federal law.

Prior to the Chapter 7 filing, Debtors failed to pay real estate taxes and those taxes were sold at an annual Kane County Illinois Tax sale conducted after a judgment for taxes was obtained on behalf of the Kane County Collector.  Lily purchased the delinquent taxes and

thereby became and continues to be the holder of a Tax Certificate, the rights pertaining to which are established by the Illinois Property Tax Code (35 ILCS 200/1-1 *et seq.*).

The Chapter 7 Bankruptcy Case was filed prior to the final tax redemption date of October 15, 2015, (the date pursuant to the Property Tax Code by which a person with an interest in the property may redeem unpaid taxes), but after Lily had (i) filed a petition seeking entry of an order directing issuance of a tax deed; and (ii) had initiated all of the notice procedures required by the Property Tax Code.

As noted in the Trustee's Motion, the redemption period provided by the Property Tax Code is not "stayed" or tolled by the filing of the Chapter 7 Bankruptcy. Accordingly, the Debtors' right to redeem continues to expire on October 15, 2015. Additionally, as explained by the Trustee, Section 108 (11 U.S.C. § 108) provides that the Trustee has sixty days from the date of the Order For Relief (until November 2, 2015)[1] within which to redeem the unpaid taxes.

Trustee, by her Motion seeks, (i) recognition of the premise that the Automatic Stay (11 U.S.C. §362) precludes any action by Lily to complete the tax deed process until the expiration of the enlarged redemption period granted to the Trustee by reason of Section 108; and (ii) a determination, based presumably on the Court's equitable powers, that the Automatic Stay should preclude any state court action by Lily after the Section 108 sixty day period and until Trustee has had an opportunity to list and sell the relevant property. In that regard, the Trustee is attempting, in substance, to "pre-judge" any post November 2, 2015 motion on behalf of Lily to modify the Automatic Stay.

Lily, acknowledges that it is a "claimant" in this Bankruptcy Case and that any state court action prior to November 3, 2015 (the day after the Section 108 expanded redemption period

---

[1] Section 108 specifies that a trustee may redeem within a "60 day" period. October has 31 days, sixty days after September 3, 2015 is November 2, 2015 not November 3, 2015 as calculated by Trustee.

2

expires), would violate the stay and, in substance, be void.

Lily, however, asserts that absent a redemption by the Trustee within the Section 108 redemption period, the Trustee will have nothing to sell in that the Debtors' interest, and therefore the interest of the Bankruptcy Estate, will have been extinguished by operation of both state and federal law. At that point, although Lily may have an obligation to seek modification of the Automatic Stay, such modification would, by reason of the expiration of all possible redemption periods, be a mere formality.

Accordingly, Lily addresses and presents argument pertaining solely to the period after November 2, 2015 and otherwise has no objection to the relief sought in the Motion, including an attempt by the Trustee to sell the real estate and redeem the taxes on a timely basis on or before November 2, 2015.

## ARGUMENT

Crucial to any review of Trustee's Motion is recognition of the undisputed and indisputable fact that the Debtors filed a voluntary petition seeking relief pursuant to Chapter 7 of the Bankruptcy Code. Trustee would not be the trustee in this case and the rights of Debtors and a Chapter 13 Trustee would be significantly different if the underlying case before the court was based on a Chapter 13 filing by Debtors.

As noted by Trustee, virtually every case dealing with the right of a debtor to "enlarge" a redemption period beyond the time limits provided by any relevant state statute or the Bankruptcy Code relate to a pending Chapter 13 case. Current law, which may or may not survive ultimate Supreme Court review, is that so long as a Chapter 13 case is filed prior to the expiration of a redemption period created by state or bankruptcy statutes, expiration of a redemption period during the pending reorganization case does not preclude confirmation of a

3

"plan" involving a significant expansion of the redemption period. *In re LaMont*, 740 F.3d 397, 409 (7th Cir. 2014). This is because Section 1332(b)(2) of Chapter 13 expressly provides that a Chapter 13 Plan may "modify the rights of holders of secured claims." *Id*.

No such "modification" provision exists with respect to a Chapter 7 case. For that reason, a Chapter 7 Trustee may deal with property of the estate but neither the trustee nor the Bankruptcy Court has authority to enlarge the special redemption period provided by Section 108. *In the Matter of Tynan (Goldberg v. Tynan)* 773 F.2d 177, *passim*, (7th Cir. 1985)("*Tynan*).

*Tynan* is significant not only because it establishes the law in this (7th) Circuit but also, because it adopts without reservation the reasoning of the 8th Circuit in *Johnson v. First National Bank of Montevideo, Minnesota*, 719 F.2d 270 (8th Cir. 1983)("*Johnson*"); *Tynan*, 773 F.2d at 179-180.

*Johnson*, which Lily asserts represents the majority opinion of the Federal Circuits, provides that (i) absent a specific grant of authority from Congress [such as the authority granted in a Chapter 13 case] a Bankruptcy Court may not exercise its "equitable" powers to create substantive rights which do not exist under state law; (ii) any other conclusion allowing extension of a redemption period beyond that provided by Section 108 would be inappropriate; and (iii) the mere fact that a debtor has equity in a property is <u>not</u> a basis for an extraordinary exercise of equitable powers to enlarge a redemption period or ignore the mandate of Section 108. *Johnson,* 720 F.2d at 274.

Based on the fact that the matter now before the court is a Chapter 7 Case, there is, as established by *Tynan* and *Johnson*, no authority for the court to (i) enlarge the Trustee's redemption period beyond November 2, 2015; (ii) allow the Trustee to sell or otherwise dispose of the real estate after November 2, 2015; and (iii) summarily preclude Lily from seeking

4

modification of the Automatic Stay in the event that Trustee is unable to redeem the relevant taxes on or prior to November 2, 2015.

Specifically, Lily asserts that based on the fact that this is a Chapter 7 Case, Trustee can deal with the real estate and sell same but only if she can "close" a sale or otherwise obtain funds with which to redeem the outstanding taxes prior to the expiration of the express and limited rights granted to her by reason of Section 108. Moreover, the facts that Debtors supposedly have a substantial equity in the real estate or that Lily may enjoy a substantial profit are irrelevant. *See*: *In re Dumas*, 397 B.R. 883, 890 (N.D. Illinois, 2008).

If the Section 108 redemption period expires without redemption by Trustee (or redemption by Debtors prior to 10/15/15), Lily will seek modification of the Automatic Stay based on the premise that at that point, neither Debtors nor Trustee have any interest properly subject to operation of the Automatic Stay. *Tynan*, *supra*; *See also*; *In re Milne*, 185 B.R. 280, 284, (N.D. Illinois, 1995). Trustee cites no cases holding otherwise. Additionally, no case discoverable by Lily supports the premise that this court should "declare" that Lily may not seek modification of the stay after November 2, 2015.

## CONCLUSION

Trustee has the right to list and sell the relevant real estate but absent redemption within the time expressly provided by Section 108, cannot continue with those efforts beyond November 2, 2015 when the redemption period provided by Section 108 expires.

For the reasons stated, Trustee's Motion should be denied to the extent that it seeks relief for any period subsequent to November 2, 2015.

        Respectfully submitted,

        Lily Investments, LLC

        /s/ Joseph D. Ryan
        An attorney for the objector

Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road
Highland Park, IL 60035
(847) 432-5971
ARDC # 6192344

6

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re:

| | | |
|---|---|---|
| ELIAS and CONSUELO ESQUIVEL, | ) | Chapter 7 |
| | ) | No. 15-30325 |
| | ) | |
| Debtors, | ) | |

**NOTICE OF FILING**

To:   Elizabeth C. Berg
      Baldi Berg, Ltd.
      20 North Clark Street, Suite 200
      Chicago, IL  60602

   Please take notice that on October 5, 2015, we filed with the Clerk of the Court the attached Objection to Trustee's Motion to Enforce Automatic Stay.

/s/ Joseph D. Ryan
Law Offices of Joseph D. Ryan, P.C.
1896 Sheridan Road
Highland Park, IL 60035
(847) 432-5971
Attorney No. 6192344

**CERTIFICATE OF SERVICE**

   I, Joseph D. Ryan, an attorney, state that service of this notice and accompanying document(s) was accomplished upon the individual(s) listed above pursuant to Electronic Case Filing as to Filing Users and in compliance with LR 5.5 as to any party who is not a Filing User or represented by a Filing User on October 5, 2015.

/s/ Joseph D. Ryan