UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | Case No. 15-30325 |
| Elias and Consuelo Esquivel, ) | Hon. Donald R. Cassling |
| ) | (Kane County) |
| ) | Hearing Date: January 8, 2016 |
| Debtors. ) | Time: 11:00 a.m. |

### Notice of Filing

TO:   *See Attached Service List*

PLEASE TAKE NOTICE that on Monday, January 4, 2016 I filed the **Trustee's Reply to Lily Investment LLC's Response to Trustee's Motion to Sell Real Property Free and Clear of Liens under Section 363(f) - 619 Westwind Dr., Carpentersville, IL**, a true and correct copy of which is attached hereto and hereby served upon you. Pursuant to the Court's orders, the Trustee's sale motion in this matter was continued on the date of its original presentment and the next hearing on the Trustee's sale motion is now scheduled to take place on Friday, January 8, 2016 at 11:00 a.m. before the Honorable Donald R. Cassling in Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois,

/s/ Elizabeth C. Berg, trustee

### Certificate of Service

I, Elizabeth C. Berg, hereby certify that on January 4, 2016, I caused a true and correct copy of the foregoing Notice of Filing, and the reply memorandum attached thereto to be served on the persons on the attached service list at their respective addresses via electronic delivery through CM/ECF as indicated on the service list.

/s/ Elizabeth C. Berg, trustee

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street    Suite 200
Chicago, IL  60602
(312) 726-8150

*Service List*

**Elias & Consuelo Esquivel, debtors
Case No. 15-30325**

**Served Electronically Via CM/ECF**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Stephen J. Costello
Costello & Costello
*Debtors' Attorney*
steve@costellolaw.com

Paul M. Bach
*Counsel for Lily Investments, LLC*
paul@bachoffices.com

Lily Investments LLC
c/o Joseph Ryan
jryan@ryanlawoffices.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-30325 |
| Elias and Consuelo Esquivel, | ) | Hon. Donald R. Cassling |
| | ) | (Kane County) |
| | ) | Hearing Date: January 8, 2016 |
| Debtors. | ) | Time: 11:00 a.m. |

**Trustee's Reply to Lily Investment's Response to
Trustee's Motion to Sell Real Property Free and Clear of Liens under Section 363(f)
(619 Westwind Dr., Carpentersville, IL)**

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Elias and Consuelo Esquivel, debtors ("Debtors"), files this reply to Lily Investments LLC response to the Trustee's Motion 1) to Sell Real Property Free and Clear of Liens under Section 363(f) – 619 Westwind Dr., Carpentersville, IL, 2) to pay Marina Treviso & Coldwell Banker a Real Estate Broker's Commission, 3) to Employ and Pay Wayne J. Skelton as Special Counsel, 4) to Pay Customary Costs of Sale Including Delinquent RE Taxes and, 5) to Pay Debtors' Homestead Exemptions and Shorten Notice ("Sale Motion"). In support thereof, Trustee states as follows:

### Issue

The issue presented to the Court is whether the Bankruptcy Code allows a chapter 7 trustee to sell property of the estate subject to the lien of a Illinois tax purchaser <u>after</u> the expiration of the period of redemption when the chapter 7 petition was filed during the redemption period.

### Introduction

Chapter 7 trustee Elizabeth C. Berg ("Trustee") has filed a motion seeking authority to sell the primary asset of this estate, namely the Debtors' principal residence located at 619 Westwind Drive in Carpentersville, Illinois (hereinafter the "Property" or the "Residence"). As of

the commencement of the bankruptcy case on September 3, 2015, the Residence was not encumbered by any mortgages and was only subject to a lien for delinquent real estate taxes totaling less than $15,000.00 in favor of Lily Investments, LLC (hereinafter "Lily" or the "Tax Purchaser"). Lily purchased the delinquent 2011 real estate taxes for the Property at Kane County's annual tax sale in 2012 and has paid real estate taxes for the Property for multiple subsequent years. Prior to the date the Debtors filed their voluntary petition commencing this chapter 7 case, the Tax Purchaser had filed a petition seeking a tax deed with the Circuit Court of Kane County. However, and of no little importance to the outcome of this case, the statutory period of redemption mandated by the Illinois Property Tax Code, 35 ILCS 200/1-1 *et seq.*(2000) had not yet expired when the Debtors filed their chapter 7 petition. The period for the Debtors to redeem the delinquent taxes under state law subsequently expired on October 15, 2015. The period for the Trustee to redeem the delinquent taxes expired thereafter on November 2, 2015 pursuant to the 60-day extension period provided under 11 U.S.C. §108(b).

Trustee does not contest that the time for redemption of the taxes has passed, either under the Illinois Property Tax Code or the provisions of the Bankruptcy Code. Rather, Trustee asserts that because the bankruptcy petition commencing the case was filed prior to the expiration of the redemption deadline, the Residence was on the date of filing and still remains property of the estate which is protected by the automatic stay and can be liquidated by the chapter 7 trustee until such time as the Tax Purchaser is able to obtain relief from the automatic stay and obtain a tax deed divesting the Estate of legal and equitable ownership of the Property.

On October 9, 2015 and over Lily's objection, Trustee obtained an order enforcing the automatic stay and prohibiting any further action by Lily to obtain a tax deed for the Property. *See Bankruptcy Docket #23.* The order provided by its terms that the automatic stay would remain in effect as to both Lily and the Kane County Clerk until the Trustee sold the Residence or entry of a further order by this Court. Following entry of the order enforcing the automatic

stay, Trustee promptly procured a buyer for the Property; she filed her Sale Motion pursuant to section 363(f) on November 25, 2015 (*See Bankruptcy Docket #26*) seeking authorization to complete the sale of the real estate. Pursuant to the terms of the real estate sales contract, Trustee was prepared to close the proposed sale on or before December 30, 2015. If the Sale Motion is approved, Trustee is ready to close and will be able to immediately pay Lily's secured claim in full, with interest. Approval of the sale will also enable Trustee to pay the Debtors their statutory homestead exemptions and pay a dividend to the unsecured creditors.

Despite the entry of the order enforcing the automatic stay and Trustee's stated intention to sell the Residence, Lily elected not to seek a cancellation of the tax sale as a sale in error so that it could receive a full refund from the county clerk of all monies expended to procure its certificate of purchase, including interest. Lily also did not immediately file a motion seeking relief from the automatic stay after the expiration of the Trustee's extended redemption period on November 2, 2015. Instead, Lily waited until after the Trustee had found a buyer for the Property and on the very morning of the day of the hearing on Trustee's Sale Motion filed both its objection to the proposed sale (*See Bankruptcy Docket #32*) and a motion to modify the automatic stay (*See Bankruptcy Docket # 33*). Lily also subsequently filed a motion to compel Trustee to abandon the Property (*See Bankruptcy Docket #37*) which is scheduled for presentation simultaneously with the continued hearing on Trustee's Sale Motion and Lily's lift stay motion on January 8, 2016.[1]

Lily's objection to Trustee's proposed sale, its request to modify stay and its motion to compel abandonment are all based on three identical and inaccurate premises: 1) that because Trustee did not redeem the taxes prior to the expiration of the redemption period, she now is precluded from selling the Residence despite the fact that the Residence remains property of

---

[1] Trustee objects to both Lily's Motion to Modify Stay and its Motion to Compel Abandonment and intends to file a separate combined objection to same.

3

the estate; 2) that the recent body of decisions in this Circuit permitting payment of the secured claims of tax purchasers beyond the redemption period in chapter 13 and chapter 11 reorganization cases is inapplicable in a chapter 7 case; and 3) that as a result of the expiration of the Trustee's extended period of redemption under section 108(b) of the Bankruptcy Code on November 2, 2015, the Trustee not only lost the ability to pay Lily's claim but the Residence also lost its status as section 541 property of the bankruptcy estate.

In short, Lily claims that since both the Illinois state law redemption period and the extended redemption period allowed under section 108(b) have expired, Trustee no longer has any interest in the Residence left to sell. Lily's position is not supported by either the Bankruptcy Code or the developing case law in this district regarding the payment of secured tax claims in bankruptcy.

### LaMont v. Alexandrov and Treatment of the Tax Buyer's Claim in Bankruptcy

In 2014, the Seventh Circuit Court of Appeals issued its opinion in <u>LaMont v. Alexandrov</u>, 740 F.3d 397 (7th Cir. 2014). <u>LaMont</u> addresses the impact of a property owner's chapter 13 bankruptcy filing prior to the expiration of the redemption period on a tax sale purchaser's interest. The holding of the case can be summarized as follows: As long as the debtor files his/her petition prior to the expiration of the redemption period, the tax purchaser's interest is a secured claim which is treatable in bankruptcy. The tax buyer's claim can be modified and paid through the debtor's chapter 13 plan even after the redemption period has passed. <u>LaMont</u> at 397. After a comprehensive review of the Illinois tax sale procedures and a summary of the split of authority in the Circuit, the Court found that in the context of a bankruptcy petition filed during the redemption period, the tax purchaser does not acquire a future executory interest in the taxpayer's real estate and merely holds "a species of *personal property, a lien for taxes.*" *Id.* at 403. The debtor taxpayer, on the other hand, retains all legal

4

and equitable rights in the real property. *Id.* The Seventh Circuit went on to conclude that a tax buyer's non-recourse tax lien against a debtor's real estate is a claim that can be treated in bankruptcy. *Id.* at 408. Expressly rejecting the tax buyer's assertion that a complete redemption had to be made prior to the expiration of the redemption period, the LaMont court held that the expiration of the redemption period did not effect the treatment of the claim (*emphasis added*). The debtors were therefore able to modify the claim and pay it through their plan pursuant to section 1322 of the Code. The court also ruled that relief from the automatic stay was indeed required in order to proceed to deed because the tax buyer's act of obtaining a tax deed would constitute an act to obtain possession of property of the estate and violate section 362. *Id.* at 409. The court ultimately denied Alexandrov's request to modify the automatic stay because the tax buyer's claim had in fact been treated and paid under the plan. *Id.*

The LaMont decision resolved the split of authority in the Circuit and is binding precedent on the question of whether a chapter 13 debtor must pay the full amount of delinquent real estate taxes prior to expiration of the redemption period. Finding that the tax purchaser held an *in rem* claim that was secured by property of the estate and could be treated by the debtor through the plan, the LaMont court ruled that payment of the full redemption amount in a lump sum was NOT required.

> [The] assertion that the full redemption amount must be paid in a lump sum
> made – is mistaken. The plan is treating his secured claim, *not* formally redeeming
> the property.... The expiration of the redemption period did not affect the plan's
> treatment of Alexandrov's secured claim except that, if the debtors had failed to
> comply with the plan, then his equitable remedy would have survived and he
> could have sought an order to issue a deed. *Id* at p. 409.

The underlying rationale of LaMont is that when the chapter 13 bankruptcy case is filed before the redemption period expires, as long a tax purchaser's claim is "treated" and paid in the bankruptcy case -- *even after expiration of the redemption period* – the tax purchaser is not entitled to stay relief to seek the issuance of the tax deed. Although the line of cases which support payment of secured tax sale claim in a chapter 13 case, including LaMont, describe

5

section 1322(b)(2) of the Code as the authority for modifying the rights of the tax purchaser after the expiration of the redemption period, Trustee contends that section 1322 is more appropriately viewed as the Code section authorizing the *manner of payment* of the secured claim. It is the "treatment" of the tax buyer's claim in bankruptcy, not its modification, which is the compelling reason for allowance of its payment <u>after</u> the redemption period has passed. Although Lily argues that application of LaMont to chapter 7 proceedings is inapplicable, Trustee submits that, under the right circumstances, a tax purchaser's claim can indeed be "treated" in a chapter 7 case through the section 363(f) sale process, as fully and more likely faster than under a chapter 13 plan.

Since the publication of LaMont in 2014, there have been no reported decisions that address the issue of whether a chapter 7 trustee can "treat" a tax buyer's secured claim through a section 363 sale that takes place after the redemption period has expired. This is likely due to the practical reality that a debtor whose taxes have been sold at an annual tax sale will file a chapter 13 case in an effort to save the home. Nonetheless, it has been suggested by another court in our district that a tax purchaser's claim could be fully treated in bankruptcy through a chapter 7 trustee's sale:

> Given the existence of a bankruptcy claim after an Illinois tax sale, the next question is how the claim can be treated in the debtor's bankruptcy. A number of decisions have held (1) that the only permissible treatment of the claim is through redemption, pursuant to Illinois law, and (2) that the only impact of bankruptcy on the redemption process is under §108(b) of the Bankruptcy Code, extending the time for redemption for 60 days after the bankruptcy filing, if it would otherwise have expired during that period. This view, however, cannot be reconciled with the applicable provisions of the Bankruptcy Code. The claim of a tax purchaser against a landowner who filed a bankruptcy case is a "secured" claim under the Bankruptcy Code. In Chapter 7, a trustee could satisfy this claim by selling the underlying collateral pursuant to §363(f)(3) of the Code, and paying the tax purchaser the full amount of its claim, with interest pursuant to §section 506(b) of the Code. The remaining proceeds would be available to other creditors. In re Bates, 270 B.R. 455, 465 (Bankr. N.D. Ill. 2001, J. Wedoff).

As a result of this ability to "treat" a tax purchaser's claim with a payment in full in a 363 sale,

6

Trustee believes that the LaMont rationale is indeed applicable in chapter 7 cases in certain circumstances. Unless the tax buyer can otherwise show that it is entitled to relief from stay under a traditional section 362 analysis, a chapter 7 trustee should be able to sell real property of the estate and satisfy the tax purchaser's lien claim by payment in full from the proceeds of sale at closing.

### Expiration of the Redemption Period Neither Divests the Estate of Ownership of the Residence Nor Restricts the Trustee's Ability to Sell under Section 363(b)

Lily also asserts that the Esquivel Residence is no longer property of the bankruptcy estate because both the state law redemption period and the extended section 108(b) bankruptcy redemption period have expired. See *Lily Reply, para.2; Lily Motion to Modify Stay, para.2;* and *Lily Motion to Compel Abandonment, para.2.* This assertion is simply untrue. As of the commencement of the case, the bankruptcy estate is comprised of all legal or equitable interests held by the debtor at the time of filing. 11 U.S.C. §541(a)(1). A debtor's right to redeem the taxes and a debtor's underlying ownership interest in real estate are two separate and distinct property rights that become property of the bankruptcy estate upon the commencement of the case. In re McKinney, 341 B. R. 892, 896 (Bankr. C.D. Ill. 2006).

> Although it is true that the right to redeem the taxes is also a property interest held by the debtor that becomes part of the estate, the right to redeem is an asset separate from the debtor's ownership interest ... A tax buyer acquires no title in or right to possess the real estate at the tax sale and has no real property interest in the land until the petition for tax deed has been granted. The debtor continues to hold a fee simple ownership in the real estate notwithstanding the sale of the delinquent taxes.... The debtor's interest is subject to divestment only upon the occurrence of certain future contingencies including a failure to redeem of the debtor or any lienholder, compliance by the tax buyer with all statutory requirements and issuance of a tax deed by a court. It follows that when a bankruptcy petition is filed prior to the expiration of the redemption period, what becomes property of the estate is the entire fee interest owned by the debtor to the same extent as if no tax sale had occurred. The event of a prepetition tax sale does not diminish the interest in real property that becomes an asset of the bankruptcy estate pursuant to section 541(a)(1). In re McKinney at 896, *citations omitted.*

There is no question that when Mr. and Mrs. Esquivel filed their chapter 7 bankruptcy petition both the right to redeem the delinquent taxes which had been sold as well as the

7

ownership interest in the Residence passed to the Estate. Although the right to redeem the taxes expired, there is nothing in section 108(b) that can be interpreted to read that the mere passage of time and the resulting expiration of the redemption period acted to divest the Estate of the ownership of the underlying real property. As a result, the Residence remains property of the Estate which the Trustee can administer and sell for the benefit of creditors, even though the redemption period has expired and the taxes have not formally been redeemed. Absent relief from the automatic stay, the Residence remains property of the Estate which the Trustee can use, lease or sell under section 363 of the Code. Lily's assertion that the Residence ceased to be property of the estate upon the expiration of the redemption period is simply inaccurate.

### The Automatic Stay Protects the Residence
### and Lily Has Not Demonstrated It is Entitled to Relief from the Stay

Because the Residence is and remains property of the estate, it is subject to all the protections of the automatic stay under section 362 of the Code, <u>even after the expiration of the period of redemption</u>. The filing of a petition operates as a stay, applicable to all entities, of multiple acts, including:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate; and
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title.    11 U.S.C. §362(a)

Trustee concedes that the Section 362 does not toll the running of the state law redemption period, however, it does prevent Lily from proceeding to tax deed absent relief from the automatic stay. <u>McKinney</u> at 896 *citing* <u>In re Wallace</u>, 33 B.R. 29, 32 (Bankr. W.D.Mich 1983). Lily holds a lien against the Residence and any efforts to obtain a tax deed would constitute both an act to obtain possession of property of the estate and an act to enforce a lien and would

8

violate the automatic stay.

> Tolling [the redemption period] is unnecessary. Some courts, however, ... have jumped from the "no tolling" principle to the conclusion that when the redemption period expires post-petition the debtor loses his interest in the property, the property passes out of the estate and the automatic stay cease to protect it. That assumption is contrary to both Illinois law and bankruptcy law....Thus, the postpetition expiration of the right to redeem does not divest the debtor or the estate of any property interest. Rather, the estate's interest in the real estate remains intact as it existed when the petition was filed. The sole event of divestiture, issuance of a tax deed, is enjoined by the automatic stay. *As long as the automatic stay remains in place, the estate's interest in the property is preserved and the debtor's right to reorganize claims secured by the property is unaffected (emphasis added). Id.*

Since the automatic remains in place after the expiration of the redemption period, Lily can only proceed to tax deed by obtaining relief from the stay. In its Motion to Lift Stay, Lily provides absolutely no argument as to why relief is warranted beyond the fact that the redemption period has expired. Relief from the stay should only be granted for the reasons set forth in the Code. Those grounds are set forth in Section 362 (d) which provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...
>
>> (1) For cause, including lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>>
>>> (A) the debtor does not have any equity in such property; and
>>> (B) such property is not necessary to an effective reorganization.

Under the circumstances of this case, Lily cannot claim that there is no equity in the property nor that it is not adequately protected by the value of the Property. As set forth in the Sale Motion, Trustee expects to net at least $20,000.00 from the proposed sale, after payment in full of Lily's secured claim, all costs of sale and the Debtors' homestead exemptions, *Trustee's Sale Motion, para. 11.* There is clearly sufficient equity in the Property to enable Trustee to pay off Lily's claim in full, with interest, immediately following entry of an order approving the Sale

9

Motion and therefore Lily cannot prevail on an allegation of lack of adequate protection.

Although lack of adequate protection is the specified "cause" for relief under section 362 (d)(1), it not the only factor that constitutes cause. The term "cause" is not defined in section 362 (d)(1). In re Bovino, 496 B.R. 492, 500 (Bankr. N.D. Ill. 2013) *citing* In re C&S Grain Co., 47 F.3d 233, 238 (7th Cir. 1995). Judge Barnes of our district provides a good overview of the concept of cause in the Bovino case where he held that rationale permitting chapter 13 debtors to pay delinquent taxes after redemption should be extended to debtors in chapter 11 cases. With respect to lifting the automatic stay for cause, Judge Barnes writes:

> The determination whether cause exits to lift the stay is a fact-intensive inquiry
> made on a case-by-case basis. Each case must be viewed on the basis of
> its own particular facts, and there must be a balancing of the interest of the debtor
> with the interest of the secured creditor in its collateral. While postpetition
> and postconfirmation conduct can constitute "for cause" grounds for lifting the stay,
> pre-petition conduct alone is normally not sufficient. "Factors generally looked
> to in determining whether to modify the stay for cause include interference with the
> bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors
> if the stay is modified, injury to the movant if the stay is not modified and the
> proportionality of the harms from modifying or continuing the stay. *Id* at 502
> (*citations omitted*).

It is precisely this case-by-case and fact-intensive approach which Trustee urges the Court to adopt in expanding the LaMont rationale to the chapter 7 setting. Based on variety of factors, it may be inappropriate in many chapter 7 cases to continue the stay in place for lengthy periods of time if a chapter 7 trustee is unable to find a buyer for the property or if the property diminishes in value. But in the case at hand, the factors articulated by Judge Barnes lead to the conclusion that lifting the automatic stay would create a windfall for the Tax Purchaser at the expense of all the unsecured creditors and the Debtors.

Mr. and Mrs. Esquivel are both retirees and live on a fixed income of no more than $3,000.00 a month. They are in their seventies and Mr. Esquivel has serious health problems. There has been no evidence presented or, in fact, even any suggestion made that the Debtors filed this case in bad faith or in any way acted in bad faith. In weighing the "proportionality of the harms" in modifying or continuing the stay, it is clear in this case that the balance swings in

10

favor of keeping the automatic stay in place. If the stay is lifted and Lily is allowed to proceed to tax deed, the unsecured creditors of the estate will receive nothing. The Debtors will also be denied the benefit of their homestead exemption, which is their sole remaining asset of value. On the other hand, Lily is in no way harmed by the status quo as it will be paid in full, with interest, through the Trustee's sale of the Property. Of course, Lily would prefer to reap the benefits of obtaining a tax deed which would yield a substantial return on its initial investment in the delinquent taxes. However, receipt of a tax deed and the monetary benefits that come with it are not a guaranteed right for a tax buyer and only an alternate remedy provided to tax buyers under the Illinois Property Tax Code. Bates at 463.

> The remedies are plainly alternatives. Illinois law is clear that a tax purchaser has no right to issuance of a deed, and so is not harmed if the redemption payment is made. *Id.*

Since obtaining the tax deed is merely an alternative remedy, the harm to Lily in continuing the automatic stay is not proportionate to the harm the creditors will suffer if the stay is lifted. The automatic stay should remain in place so that Trustee can sell the Residence, Lily can be paid in full and the debtors' creditors can share in the proceeds of sale of the estate's property. Lifting the stay to provide a windfall for the Tax Purchaser does not comply with the Bankruptcy Code's goal of providing debtors with a fresh start and providing for an orderly liquidation of property and payment of claims. The automatic stay should remain in place to allow Trustee to sell the Property and satisfy Lily's secured claim.

### Trustee's Post-Redemption Sale of Property Does not Override State Law

Lily also implies that the Trustee's proposed sale of the Residence and treatment of Lily's claim somehow overrides state law. *Lily Response, para. 16, p. 9.* While Lily's claim is indeed a creation of the state tax sale statute, it is not a proprietary interest in the real estate and full payment of that lien claim through a court-ordered bankruptcy sale does not alter the

11

interests created by state law. As stated before, the Trustee is not exercising the Debtors' state law right of redemption after the redemption period has passed; rather, the Trustee is exercising the rights and powers conferred upon her by the United States Bankruptcy Code, namely, the right to sell property of the estate for the benefits of creditors. The Debtors are not being allowed to retain possession of their residence and Lily is getting paid in full the amount it expended for the delinquent taxes. Accordingly, Lily's state-created rights are not diminished by the pending sale but instead are being enforced and will quickly be fulfilled by full payment of their tax lien at the closing. If this Court does decide to apply the rational of LaMont in this chapter 7 case and authorize the "treatment" of Lily's claim in a chapter 7, Lily will wind up being paid in full on its claim as much three to five years earlier than if the Debtors had filed a chapter 13 case.

Lily's claims that the sale of the Residence after the 108(b) redemption period has passed somehow alters their state-created lien rights do not make sense. The lien claim remains intact and will be paid in fully immediately. If there were no pending sale or if there was questionable equity in the property, then perhaps Lily's state-created interest would be somehow diminished. That is not the case at hand. Trustee has a ready, willing and able cash buyer and can pay the claim in full.

### Conclusion

Although the period for redemption has expired, the Residence remains property of the estate which the Trustee can use, sell or lease for the benefit of creditors pursuant to section 363 (b) and (f) of the Bankruptcy Code. Lily's claim will be fully satisfied by the Trustee's sale of the Residence and Lily has not shown that it is entitled to relief from the automatic stay in order to pursue its alternate remedy of a tax deed. Furthermore, denial of the Sale Motion and lifting of the stay will result in a windfall to the Tax Purchaser at the expense of the unsecured creditors. Under the circumstances of this case, where payment of the tax buyer's claim is imminent, the application of the rationale of LaMont is warranted. Lily Investments, LLC holds a

fully secured tax purchaser claim with a lien against the Residence which can be treated and paid in full in the bankruptcy case. The Debtors in this case availed themselves of the protections of bankruptcy <u>prior</u> to the expiration of the redemption period thus invoking the protections of the automatic stay and relief from the automatic stay is not warranted. Trustee has found a ready, willing and able cash buyer and can payoff Lily in full. Lily's objection to the sale should be overruled and Trustee's Sale Motion should be approved.

Dated: January 4, 2016                    Respectfully submitted,

                                          Elizabeth C. Berg, as trustee of the Estate
                                          of Elias and Consuelo Esquivel, debtors

                                          By:   /s/ Elizabeth C. Berg, trustee

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street   Suite 200
Chicago, IL 60602
(312) 726-8150

13