UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-30325 |
| Elias and Consuelo Esquivel, | ) | Hon. Donald R. Cassling |
| | ) | (Kane County) |
| | ) | Hearing Date: January 8, 2016 |
| Debtors. | ) | Time: 11:00 a.m. |

### Notice of Filing

TO:   See Attached Service List

PLEASE TAKE NOTICE that on Tuesday, January 5, 2016 I filed the **Trustee's Objection to Lily Investments LLC's Motion to Modify the Automatic Stay as to 619 Westwind Dr., Carpentersville, IL**, a true and correct copy of which is attached hereto and hereby served upon you. Lily Investments LLC's Motion is scheduled to be presented to the Court on Friday, January 8, 2016 at 11:00 a.m. before the Honorable Donald R. Cassling in Courtroom 240 of the Kane County Courthouse, 100 South 3rd Street, Geneva, Illinois,

/s/ Elizabeth C. Berg, trustee

### Certificate of Service

I, Elizabeth C. Berg, hereby certify that on January 5, 2016, I caused a true and correct copy of the foregoing Notice of Filing, and the reply memorandum attached thereto to be served on the persons on the attached service list at their respective addresses via electronic delivery through CM/ECF as indicated on the service list.

/s/ Elizabeth C. Berg, trustee

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street   Suite 200
Chicago, IL  60602
(312) 726-8150

*Service List*

**Elias & Consuelo Esquivel, debtors**
**Case No. 15-30325**

**Served Electronically Via CM/ECF**

Office of the U.S. Trustee
USTPRegion11.ES.ECF@usdoj.gov

Stephen J. Costello
Costello & Costello
*Debtors' Attorney*
steve@costellolaw.com

Paul M. Bach
*Counsel for Lily Investments, LLC*
paul@bachoffices.com

Lily Investments LLC
c/o Joseph Ryan
jryan@ryanlawoffices.com

2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 15-30325 |
| Elias and Consuelo Esquivel, | ) | Hon. Donald R. Cassling |
| | ) | (Kane County) |
| | ) | Hearing Date: January 8, 2016 |
| Debtors. | ) | Time: 11:00 a.m. |

### Trustee's Objection
### to Lily Investments LLC's Motion to Modify Stay as to
### 619 Westwind Dr., Carpentersville, IL

Elizabeth C. Berg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Elias and Consuelo Esquivel, debtors ("Debtors"), files her objection to Lily Investments LLC's Motion to Modify Stay as to 619 Westwind Dr., Carpentersville, IL.[1] In support thereof, Trustee states as follows:

#### Background

1. Debtors commenced this case by filing a voluntary petition for relief under chapter 7 of the title 11 of the United States Code ("Code") on September 3, 2015.

2. Elizabeth C. Berg is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (G) and (N).

4. The sole asset of value belonging to this Estate is the Debtors' primary residence. The residence is comprised of a parcel of real estate improved by a single family home located at 619 Westwind Dr., Carpentersville, IL ("Property").

5. Upon Trustee's information and belief, there are no outstanding valid mortgages

---

[1] Lily's Motion to Modify Stay requests as additional relief that Trustee be compelled to abandon the 619 Westwind Drive Property. Lily has also filed a separate Motion to Compel Abandonment of the 619 Westwid Drive Property (Doc. 37). This objection constitutes Trustee's combined objection to both the Motion to Modify Stay and the Motion to Compel Abandonment.

on the Property.

6. On October 29, 2012, the 2011 real estate taxes for the Property were sold at Kane County's annual tax sale in accordance with Illinois law, 35 ILCS 200/21-205, et seq. Lily Investments LLC ("Lily") purchased the 2011 taxes at the tax sale and was issued a "Certificate of Purchase" numbered 2012-01450. Lily has paid additional delinquent real estate taxes for the Property for subsequent tax years as they became due. Trustee believes that the total amount of the delinquent real estate taxes purchased by Lily, including interest, is no more than $15,000.00.

7. Prior to the commencement of this bankruptcy case and prior to the applicable redemption period under Illinois law, Lily filed a petition for issuance of a tax deed in the Kane County Circuit Court and served notice of the tax deed petition upon the Debtors.

8. Lily holds a claim in Debtors' bankruptcy case secured by a tax lien on the Property.

9. After the bankruptcy petition was filed, the redemption period under the Illinois Property Tax Code expired on October 15, 2015 and the extended redemption period under section 108(b)(2) of the Bankruptcy Code expired on November 2, 2015.

10. On October 9, 2015, Trustee obtained an order from this Court enforcing the automatic stay to prohibit either Lily or the Kane County Clerk from taking any actions to obtain possession of the Property, including any further action to obtain a tax deed, until such time as the Trustee sold the Property or until further order of court. The order enforcing the automatic stay was entered over Lily's written objection.

11. Shortly after entry of the order enforcing the automatic stay, but after the expiration of all applicable periods of redemption, Trustee entered into a real estate sales contract to sell the Property for $75,000.00 ("Purchase Price"). By its terms, the real estate sales contract is subject to and conditioned upon Trustee obtaining approval of the proposed sale from this Court.

12. On November 25, 2015, Trustee filed her motion seeking approval of the proposed sale ("Sale Motion") which was scheduled for presentation to the Court on December 11, 2015. If the Sale Motion is approved, Trustee intends to pay Lily's secured tax lien claim in full at closing, with interest.

13. On the day of the initial hearing on Trustee's Sale Motion, Lily filed both a response memorandum requesting denial of the Sale Motion (*Bankruptcy Docket #32*) and its motion to modify the automatic stay as to the Property (*Bankruptcy Docket #33*). In addition to seeking relief from the automatic stay to pursue its non-bankruptcy remedies, Lily's motion to modify also requests i) that the Trustee be ordered not sell the Property, ii) that the Trustee be compelled to abandon the Property and iii) that the 14-day stay under Bankruptcy Rule 4001(a)(3) not apply if the relief is granted.

14. Shortly thereafter on December 16, 2015, Lily filed a separate motion to compel Trustee to abandon the Property (*Bankruptcy Docket 37*).

15. On January 4, 2016, Trustee filed a reply memorandum to Lily's response (*Bankruptcy Docket 39*).

16. As set forth in detail in both Lily's response memorandum and Trustee's reply memorandum, the disputed issue before the Court is whether the Trustee should be authorized to proceed with the pending sale and pay Lily the full amount of its secured claim, or whether the sale should be denied and Lily be authorized to proceed to acquire the Property through a tax deed as a result of the prior expiration of the redemption period.

17. The Sale Motion, Lily's motion to modify stay and Lily's motion to compel abandonment are now all scheduled before the Court for hearing on January 8, 2016.

**Trustee's Objection to the Motion to Modify Stay**

18. Trustee objects to the Motion to Modify Stay. As argued in her reply memorandum, Trustee asserts that Lily has not established that it is entitled to relief from the automatic stay under section 362 (d) of the Bankruptcy Code. Notwithstanding the expiration of

3

the period of redemption, the Property remains property of the estate under section 541 of the Bankruptcy Code and is subject to all the protections of the automatic stay under section 362 of the Code.

19. Relief from the stay should only be granted for the reasons set forth in the Code. Those grounds are set forth in Section 362 (d) which provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ...
>
>> (1) For cause, including lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>>
>>> (A) the debtor does not have any equity in such property; and
>>> (B) such property is not necessary to an effective reorganization.

20. Lily is not entitled to relief under section 362(d)(2) because there is plenty of equity in the Property. As set forth in the Sale Motion, Trustee will be able to pay off Lily's secured claim in full at closing. In addition, Trustee will be able to pay the Debtors' homestead exemption and all associated costs of sale, and still collect more than $20,000.00 for the benefit of creditors from net proceeds of sale.

21. Lily is also not entitled to relief under section 362 (d)(1). As a result of the imminent sale and the amount of the Purchase Price, Lily cannot argue that its secured tax lien claim in not adequately protected. Lily also has not made any argument that any other cause exists to lift the stay. This is not a bad faith filing and there is not improper conduct on the part of the Debtors which would entitle Lily to relief from stay. The only reason Lily offers for lifting the stay is the expiration of the redemption period. The issue of the legal impact of the expiration of the redemption period prior to the proposed sale is fully addressed in Trustee's reply memorandum and she adopts and incorporates those arguments in this objection.

**Trustee's Objection to the Motion to Compel Abandonment**

22. Trustee objects to the Motion to Compel Abandonment. As with the Motion to

Modify Stay, the basis for the motion to compel is that Trustee no longer has the right to sell the Property as a result of the expiration of the redemption period. On the one hand, Lily argues that the Property is no longer property of the estate (*Motion to Compel, p.5, para.2*). This argument is somewhat confusing, because if the Property is no longer property of the estate then abandonment is unnecessary. By its very terms, Section 554 (b) of the Bankruptcy Code applies to property that is "property of the estate" under Section 541 of the Code. If, as Lily's suggests, the expiration of the redemption period has the legal effect of removing the subject property from "property of the estate" by the mere passage of time and the operation of law, then abandonment is superfluous.

23.  As argued in Trustee's reply memorandum, the Property indeed remains property of the estate under section 541. As such, Trustee acknowledges that the Property could be subject to abandonment if the specified criteria of section 554 were met. Section 554 provides that property that is "burdensome to the estate" or is "of inconsequential value and benefit" to the estate is subject to a court-ordered abandonment. However, Lily cannot establish that the Debtors' residence is either burdensome or of inconsequential value to the estate. Since her appointment, the Trustee has actively sought to administer the Property for the benefit of creditors and has a ready, willing and able cash buyer who is immediately ready to close. The sale will provide substantial value to the estate and there are no grounds for abandonment.

### Trustee Objects to Waiver of Rule 4001(a)(3)

24.  In the event that the Motion to Modify Stay is granted, Trustee objects to Lily's request that the 14-day stay provision of Bankruptcy Rule 4001(a)(3) not apply. To the best of Trustee's knowledge, the issue of whether a chapter 7 trustee can sell property subject to a tax purchaser's lien after the applicable periods of redemption have expired is a matter of first impression in this Circuit. If the Court decides to prohibit the proposed sale and grant modification of the stay, Trustee may very well elect to request a stay pending appeal and will require the time provided for by Rule 4003(a)(3) in order to do so. Accordingly, Trustee

requests that the stay provisions of Bankruptcy Rule 4001(a)(1) be kept in place in the event the stay relief is granted.

WHEREFORE, Elizabeth C. Berg, as chapter 7 trustee of the Estate of Elias and Consuelo Esquivel, debtors, respectfully requests this Court to:

A) Deny Lily's Motion to Modify the Stay;

B) Deny Lily's Motion to Compel Trustee to Abandon 619 Westwind Drive, Carpentersville, IL;

C) In the alternative, deny Lily's request that Rule 4001(a)(1) not apply if the Motion to Modify Stay is granted; and

D) For such other and further relief as this Court deems proper.

Dated:  January 5, 2016                                   Respectfully submitted,

                                                          Elizabeth C. Berg, as trustee of the Estate
                                                          of Elias and Consuelo Esquivel, debtors

                                                          By:  /s/ Elizabeth C. Berg, trustee

Elizabeth C. Berg
Baldi Berg, Ltd.
20 N. Clark Street   Suite 200
Chicago, IL  60602
(312) 726-8150

6